IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHARLES STEVEN BRICE,

    Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, ET AL.,

    Defendants.

No. C 10-04204 JSW

**ORDER REGARDING PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT DISCOVERY**

Now before the Court for consideration is the motion for leave to conduct discovery filed by Plaintiff Charles Steven Brice ("Brice "). The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the Court VACATES the hearing set for July 22, 2011. Having considered the parties' papers and the relevant legal authority, the Court hereby GRANTS IN PART and DENIES IN PART Brice's motion for leave to conduct discovery.

**BACKGROUND**

In this ERISA action, Brice is challenging the denial of disability benefits by Defendants Life Insurance Company of North America ("LINA") and Cigna Group Insurance Company ("Cigna") (collectively, "Defendants"). The parties have stipulated that the standard of review over the disability determination is *de novo*. Brice is moving for leave to conduct discovery.

The Court shall address specific additional facts in the remainder of this Order.

**ANALYSIS**

**A.  Legal Standard.**

ERISA's primary goals are "'to increase the likelihood' that beneficiaries 'will receive their full benefits' and 'to maintain the premium costs of such system at a reasonable level.'"

*Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094 (9th Cir. 1999) (en banc) (quoting 29 U.S.C. § 1001b(c)(3), (5)). The Supreme Court has stressed both "the public interest in encouraging the formation of employee benefit plans" and "the need for prompt and fair claims settlement procedures." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). In order to balance these competing interests, courts cannot allow discovery in ERISA actions for the denial of benefits to be as broad and overreaching as in other types of cases. *Waggener v. UNUM Life Ins. Co. of Am.*, 238 F. Supp. 2d 1179, 1185 (S.D. Cal. 2002).

The district court reviews an administrator's denial of benefits under a de novo standard unless the benefit plan gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Burke v. Pitney Bowes, Inc. Long-Term Disability Plan*, 544 F.3d 1016, 1023 (9th Cir. 2008). When the administrator has such discretionary authority, the district court applies the deferential abuse of discretion standard. *Id.* at 1023-24. In this case, both parties agree that the de novo standard applies. (Mot. at 4; Opp. at 2.)

Under de novo review, "[t]he court simply proceeds to evaluate whether the plan administrator correctly or incorrectly denied benefits." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006). In doing so, the district court should determine whether the plaintiff is "entitled to benefits based on the evidence in the administrative record and other evidence as might be admissible under the restrictive rule of *Mongeluzo [v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938 (9th Cir. 1995)]." *Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (internal quotation omitted). "[T]he district court should exercise its discretion to consider evidence outside of the administrative record *only* when circumstances *clearly establish* that additional evidence is *necessary* to conduct an adequate de novo review of the benefit decision." *Id.* (internal quotations omitted) (emphasis in original).

In *Opeta*, the Ninth Circuit cited "a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be considered necessary:"

> [C]laims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited

2

> administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

484 F.3d at 1217 (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1027 (4th Cir. 1993) (en banc)).

**B.     Brice's Request for Leave to Conduct Discovery.**

Brice requests the following documents: (1) any missing surveillance videotapes; (2) documents on Cigna's relationship with Robert Broghammer, M.D., specifically the number of referrals made by Cigna to Dr. Broghammer and the percentage of those referrals in which the doctor's recommendation was to deny or grant benefits; (3) documents on Cigna's relationship with Select Physical Therapy, specifically the number of referrals made by Cigna to this facility and the percentage of those referrals in which the doctor's recommendation was to deny or grant benefits; (4) documents on Cigna's relationship with the surveillance facility, specifically the number of referrals made by Cigna to this facility and the percentage of those referrals in which the doctor's recommendation was to deny or grant benefits; (5) those showing the percentage of Cigna's long term disability claims denials versus initial claims approval over last ten years; (6) documents on the fiduciary relationship between Northwest Airlines and Cigna, including but not limited to the funding of their long term disability benefits; (7) documents on what steps Cigna takes to keep the claims department separate from the business-making department, to prevent profit considerations from infecting claims decision; (8) documents on the relationship between Cigna's health and disability policy departments; and (9) Cigna's manual comparable to "The Book of Operating Knowledge," referred to in *Levy v. INA Life Ins. Co. of New York*, 2006 U.S. Dist. LEXIS 83060 (S.D.N.Y. Nov. 14, 2006).  The Court will address these requests in turn.

In his motion, Brice argues that there are indications that the surveillance video Defendants relied upon to deny Brice's benefits has been tampered with and that he has not been given all of the surveillance video.  On May 27, 2011, Cigna sent Brice a letter in which it

stated that there were no missing videotapes and that Brice had been given a copy of the tapes. However, on June 23, 2011, after Brice filed this motion for leave to conduct discovery, Defendants produced supplemental disclosures and provided Brice with additional copies of surveillance videos. Defendants do not explain this discrepancy. Because Defendants relied on the video of Brice in denying his claim and because of the apparent discrepancy with respect to the completeness and accuracy of such video, the Court finds that Brice's requested discovery regarding the video is warranted. This discovery may include requests for any missing surveillance videotapes and documents regarding Cigna's relationship with the surveillance facility, as well as depositions concerning the taking and evaluation of the surveillance video.

Brice also requests information related to the credibility of Dr. Broghammer, one of the doctors who submitted an opinion on whether Brice is disabled. Courts in this district have allowed limited discovery relating to the credibility of medical examiners in ERISA actions for the denial of benefits under de novo review. See *Knopp v. Life Ins. Co. of N. Am.*, 2009 WL 5215395, at *3 (N.D. Cal. Dec. 28, 2009) (concluding that plaintiff was entitled to some discovery "which could bear directly and substantially on the credibility of the medical reviewers engaged by the insurer"); *see also Rutherford v. Scene 7 Inc. Long Term Disability Plan*, 2008 WL 2788191, at *10 (N.D. Cal. Jul. 18, 2008) (allowing the plaintiff to take the deposition of a medical examiner who concluded plaintiff exhibited "symptom magnification" to evaluate his credibility). However, "a bare showing of relevance adequate under Fed. R. of Civ. P. 26 is not sufficient." *Knopp*, 2009 WL 5215395, at *3; *see also Chan v. Life Ins. Co. of N. Am.*, 2008 WL 3875276, at *1 (N.D. Cal. Aug. 18, 2008) (denying in part a request for further discovery because the plaintiff's allegations that there was ambiguity surrounding the medical examiner's opinions did not "clearly establish" that additional evidence was "necessary" to conduct an adequate de novo review of the benefits decision).

Brice does not question Dr. Broghammer's qualifications, raise any misrepresentations or discrepancies in his report, or provide any other facts which would indicate that Dr. Broghammer may have been biased. In the absence of any allegations which raise issues pertaining to Dr. Broghammer's credibility, the Court finds that Brice has not shown that Dr.

4

1 Broghammer's review of his medical records and his report constitutes an "exceptional
2 circumstance" warranting discovery. *See Opeta*, 484 F.3d at 1217.  However, with respect to
3 the physical therapist, Brice has alleged a discrepancy sufficient to show that his requested
4 discovery regarding Select Physical Therapy should be allowed.

With respect to the remainder of Brice's requests, he has not made a sufficient showing
to demonstrate that discovery is warranted.  Therefore, Brice's requests for documents on the
percentage of Cigna's long term disability claims denials versus initial claims approval over last
ten years, the fiduciary relationship between Northwest Airlines and Cigna, what steps Cigna
takes to keep the claims department separate from the business-making department, the
relationship between Cigna's health and disability policy departments, and Cigna's manual are
denied.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Brice's
motion for leave to conduct discovery.  The Court GRANTS Brice's motion with respect to his
requested discovery related to the surveillance video and Select Physical Therapy.  The Court
DENIES the remainder of Brice's motion.  The Court FURTHER ORDERS that, pursuant to
Civil Local Rule 72-1, this matter is HEREBY REFERRED to a randomly assigned magistrate
judge for resolution of any further discovery disputes regarding this requested discovery and for
resolution of all discovery matters.

**IT IS SO ORDERED.**

Dated: July 18, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

5